LYONS, JUDGE:
The claimants are the owners of a house and lot which are adjacent to Star Route (Route 31), Poca, Putnam County, West Virginia. A West Virginia landslide study establishes that this property is in a landslide prone area. There is a hill in back of the house, and the house is at the base of the slope of the hill. A river borders the downhill side of the house. The house is a two-story structure with cinder block foundation. Claimants allege that as a result of respondent's reconstruction of a portion of Route 31 in 1977, the land began to slide, causing severe damage to the foundation and other parts of the residence, and claimants are seeking $80,000.
Ray Kesling, a building contractor, testified that he entered into a contract with 0. L. Westfall in mid 1974 to construct the residence. He stated that he placed reinforcing bars in the cinder block wall that was on the side of the house which faced the slope. He put french drains around the back wall, and down both sides. He waterproofed the areas of the house which were underground. To facilitate the building process, Mr. Kesling excavated an area four feet in height at the back of the house. He complied with the FHA regulation requiring at least a 5 percent minimum slope of all ground fill around any house. He did not *24 see the house again until 1978, after the slide had occurred. He found the house to be a "disaster.' He recommended tearing it down.
Claimant, 0. L. Westfall, testified that he had lived in the area where his house was built for approximately fortyfive years. He further testified that the house was completed in October, 1974. After completion of the house, he did not experience any problems as to the movement of earth around the house. He said that there was water standing consistently in the ditch on the upper side of Route 31. In 1977 he made a request that Ray Brewer, the Road Commissioner of Putnam County, rectify the matter, but no action was taken at this time.
Within six months of the request, respondent sent a crew to perform work on Route 31. For a period of four or five days the crew pulverized the surface of the road. In March of 1978, claimant observed a crack in the wall of the carport of his home. He also noticed that the hill was moving. He solicited the aid of a friend who worked with a bulldozer in an attempt to make repairs for a 12 hour period. At this time, the doors of the house were beginning to stick, and the carport wall had fallen in. The slide continued for approximately forty-eight hours. Photographic evidence shows the trees which slid toward the residence, the slippage of the road, and other damage to the property.
Sam Mayberry, a real estate appraiser, estimated the value of claimants' property currently to be $12,500. He estimated that the value of the property prior to the slippage was $55,000 to $60,000.
Craig Lyle, a civil engineer,• testified that the damage to the property was the result of a slide. He stated that the primary cause of the slide was the improper maintenance of the drain along Route 31, but that there were other factors involved including the amount of rainfall in the area. The location of the house with regard to the slope movement indicated that the excavation for the construction of the house was not the primary cause of the landslide. The fact that the soil was very soft indicated that the water had not dissipated out of the soil which condition contributed to the slide.
Marlin Davis, a maintenance assistant with respondent, testified that in 1977 the respondent scarified the blacktop of Route 31, and established a reasonable grade. He explained that scarifying entailed taking the existing asphalt, the base, using scarifier blades on the grader, breaking it up into smaller pieces and using that as the existing base. He stated that this scarifying process should have protected the property below the road. He admitted that, "Like I say slide areas, normally water creates them."
Barney Stinnet, a soils engineer with respondent, testified that he was familiar with the topography of claimants' property. He stated that he believed the primary cause of the slide to be the construction which took place on the lower part of the slope. He explained that because claimants' property is in a landslide area, it does not take much to retrigger a landslide. Water stood in the ditch line year round. The construction of the house at the toe of the slope added weight to that *25 particular area. This could have caused a rerouting of the flow of the surface water. As a result, the soil strength could have been reduced which would cause the lateral stability of the entire hillside to be reduced.
After careful review of all the evidence presented, the Court is of the opinion that the damage to claimants' property resulted from several factors. Water stood in the ditch line rather than draining away from the road. Rainfall increased the level of water in the ditch line. It is evident that the respondent's actions further aggravated the condition. It is the opinion of the Court that respondent was negligent in its maintenance of Route 31 in the vicinity of claimants' property. Claimants evidence indicates that the value of the property today is $12,500.00, and immediately before the slide the value was estimated to be between $55,000.00 and $60,000.00. After deducting the $12,500.00 from the $55,000.00, the lower estimate of value, the Court finds damages to the claimant in the amount of $42,500.00.
The Court makes an award to the claimant in the amount of $42,500.00.
Award of $42,500.00.